UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.M.W., <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS et al., <br><br> Defendants. | CASE NO. 2:24-cv-01970-JHC <br><br> ORDER |

This matter comes before the Court on Plaintiff's Motion to Proceed Under Pseudonyms and for Protective Order. Dkt. # 3. For the reasons below, the Court GRANTS the motion.

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties. And courts generally require parties to use their real names because the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). But "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067–68. Courts permit plaintiffs to use pseudonyms "when identification creates a risk of retaliatory physical or mental harm." *Id.* at 1068.

ORDER - 1

Courts consider these factors to determine whether to allow a plaintiff to proceed under a pseudonym based on the risk of retaliatory harm: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; [] (3) the anonymous party's vulnerability to such retaliation." *Id*. at 1068 (internal citations omitted); *see also Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) ("[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously."); *Doe v. U.S. Citizenship and Immigr. Services*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (listing cases in which "courts have granted motions to file pseudonymously as related to asylum proceeding"). Courts balance the need for anonymity against the prejudice to the opposing party and the public interest in public disclosure. *Advanced Textile Corp.*, 214 F.3d at 1068. *Id.* at 1069.

Plaintiff is a citizen and native of Ethiopia. Dkt. # 1 at 3. She seeks asylum in the United States because she fears persecution at the hands of the Ethiopian government and individuals in Ethiopia. Dkt. # 3 at 1. Plaintiff says that disclosure of her name in connection with this mandamus case and her pending asylum application "puts her and her family members' lives in danger." *Id.* at 3.

Having reviewed the materials submitted by Plaintiff, the Court finds that Plaintiff has shown good cause to proceed under a pseudonym. Plaintiff has not pointed to specific ways that she fears retaliation if her name is made public in connection with her asylum application. Instead, she makes the general argument that because she is an asylum applicant, she has a strong interest in protecting her identity due to her fears of persecution by the Ethiopian government. Dkt. # 3 at 3. In similar cases, courts in this District have determined that this showing is sufficient to demonstrate a fear of retaliation. *See, e.g., R.K.M. v. Mayorkas*, No. 2:24-cv-01077-

ORDER - 2

RSL (W.D. Wash. August 13, 2024), Dkt. # 5; *S.M.S. v. Mayorkas*, No. 2:24-cv-00996-RSM (W.D. Wash. July 23, 2024), Dkt. # 5.  There is no prejudice to the government here because Plaintiff will share her identity with the government.  Dkt. # 3 at 4.  The public interest also weighs in favor of anonymity.  This case turns on the agency's delay in adjudicating Plaintiff's asylum application. *See* Dkt. # 1.  Anonymity will not obstruct public scrutiny of the important issues in this case. *See Advanced Textile Corp.*, 214 F.3d at 1072.  Thus, confidentiality is justified to ensure resolution of Plaintiff's claim without subjecting her or her family to any harm.

      Federal Rule of Civil Procedure 5.2 provides that a court may require redaction of private information from court filings "for good cause." Fed. R. Civ. P. 5.2(e).  To show "good cause," the party seeking redaction must show that "specific harm or prejudice will result" if the protective order is not granted.  *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).  For the same reasons discussed above, the Court concludes that A.M.W. has shown good cause for requiring confidentiality. *See NML Capital Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2015 WL 727924, at *3–4 (D. Nev. Feb. 19, 2015).  Therefore, the Court grants Plaintiff's motion for a protective order.  All parties to the case shall refer to A.M.W. by her initials when filing documents publicly on the court's docket and shall redact references to A.M.W.'s full name when necessary.

      For the above reasons, the Court GRANTS Plaintiff's Motion to Proceed Under Pseudonyms and for Protective Order.  Dkt. # 3.

Dated this 16th day of December, 2024.

John H. Chun
United States District Judge

ORDER - 4